IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYUBOV ALEXEEVETS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-3235-RWS |
| BANK OF NEW YORK AS : | |
| TRUSTEE FOR CWALT, INC. : | |
| ALTERNATIVE LOAN TRUST : | |
| 2005-32 MORTGAGE PASS- : | |
| THROUGH CERTIFICATES, : | |
| SERIES 2005-31 MORTGAGE | |
| ELECTRONIC REGISTRATION | |
| SYSTEMS, INC., | |
| | |
| Defendants. | |

**ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [4], Plaintiff's Motion for Extension of Time to File Response [5], Plaintiff's Motion to Strike, or in the alternative, Motion to Amend Defendants' Filings [7], and Plaintiff's Motion for Hearing [16]. As an initial matter, the Court is able to decide the pending motions on the briefs submitted by the parties. Therefore, Plaintiff's Motion for Hearing [16] is **DENIED**. After a review of the record, the Court enters the following Order as to the remaining motions.

**I.     Factual Background**[1]

Plaintiff Lyubov Alexeevets alleges several causes of actions, consisting of: (1) injunction against foreclosure sale; (2) misrepresentation; (3) unjust enrichment; (4) conversion; and (5) fraud in the inducement.

On June 6, 2005, Plaintiff obtained a loan from America's Wholesale Lender ("AWL") in the original principal amount of Eight Hundred Thousand dollars ($800,000). (Dkt. No. [4] at 2.) To secure repayment, Plaintiff executed and delivered a Security Deed dated June 6, 2005, conveying the real estate and improvements located at 2410 Hopewell Plantation Drive, Alpharetta, Georgia to AWL. (Id.) The Promissory Note was later sold to CWALT, Inc. ("CWALT") and Defendants are acting as Trustee for CWALT. (Compl. at 2.) Plaintiff failed to make payments, and Defendant New York Bank, who is acting as trustee for CWALT, initiated foreclosure proceedings against Plaintiff. (Dkt. No. [4] at 2.) After foreclosure was initiated, Plaintiff filed this action against Defendants in the Superior Court of Fulton County (Case No. 2009-CV-163056). (Dkt. No. [11] at 1.) The complaint was dismissed for improper

---

[1] The factual background is derived from the Complaint and subsequent pleadings. The Court makes no findings with respect to the facts contained herein.

2

venue and improper service.[2] (Dkt. No. [11] Ex. O at 1.) After addressing the Superior Court's concerns, Plaintiff filed a new complaint in Superior Court, and the Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441.[3] (Dkt. No. [1].) Defendants now move to dismiss the Complaint for (1) failure to state a claim; and (2) failure to include a short and plain statement upon which relief can be granted.

## II.    Motion for Extension of Time to File Response

Defendants filed a Motion to Dismiss on November 30, 2009. (Dkt. No. [4].) On December 18, 2009, Plaintiff filed a Motion for Extension of Time to File a Response to Defendants' Motion. (Dkt. No. [5].) On December 23, 2009, Plaintiff filed her Response to Defendants' Motion. (Dkt. No. [11].) The Court has considered Plaintiff's Response in the decision below on the Motion to Dismiss. Accordingly, Plaintiff's Motion for Extension of Time to File Response [11] is **GRANTED nunc pro tunc**.

---

[2] Defendants also moved for the case to be dismissed for failure to state a claim; however, the Superior Court found that Plaintiff's complaint, in fact, did state a claim. (Dkt. No. [11] Ex. O at 1.)

[3] Plaintiff filed an objection to the removal of this case on December 18, 2009. She argues that this Court lacks subject-matter jurisdiction over the matter. (See Dkt. No. [6].) That objection is hereby overruled, as this Court finds that it has subject-matter jurisdiction, pursuant to 28 USC § 1331.

AO 72A
(Rev.8/82)

### III. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at

4

1949).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.  The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.  In light of this standard, the Court now examines the Defendants' Motions to Dismiss.

Defendants seek a dismissal of the Complaint on the basis that Plaintiff has failed to set forth any specific factual allegations with respect to the alleged wrongdoing by the Defendants.  Defendants contend that it is virtually impossible to respond to the Complaint, due to it being written like a brief rather than as a complaint.  (Dkt. No. [14] at 3.)  Further, the Defendants argue that the Complaint is filled with "rambling and [is] distorted [such] that Defendants are unfairly prejudiced in any attempt to respond." (Id. at 5.)  Plaintiff argues that it would be improper for this Court to grant Defendants' Motion because Superior Court Judge Constance C. Russell found that a similar complaint did state a claim.  (Dkt. No [11] at 2.)  She argues that this Court would be acting in an appellate capacity and the Rooker-Feldman doctrine prohibits such action.  (Id. at 2-3.)  The Court disagrees.  The Rooker-Feldman doctrine recognizes that federal district courts do not have jurisdiction to act as

5

appellate courts. <u>Green v. Jefferson County Comm'n</u>, 563 F.3d 1243, 1249 (11th Cir. 2009). Therefore, district courts are precluded from reviewing final state court decisions. <u>Id.</u> The Supreme Court clarified the scope of the Rooker-Feldman doctrine and held that it is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).

    This Court is not acting in an appellate capacity in this matter. This matter was first filed in Superior Court. While the court found that Plaintiff did state a claim, it dismissed the complaint for other reasons. (Dkt. No. [11] Ex. O at 1.) The Defendants did not attempt to appeal the court's ruling, nor did they initiate any action against the Plaintiff in federal court because of the ruling. Instead, Plaintiff attempted to fix the complaint's deficiencies and filed a <u>new complaint</u> in Superior Court. The Defendants then removed the case to federal court. (<u>See</u> Dkt. No. [1].) Defendants now move that the new Complaint be dismissed for failure to state a claim. (<u>See</u> Dkt. No. [4].) As this is a new

Complaint, and this cause of action was initiated by the Plaintiff, this Court does not find that it is bound by the Superior Court's previous findings regarding Plaintiff's similar complaint.

Plaintiff's Complaint is filled with legal conclusions and statements that she believes will either occur in the future or facts that she believes will be shown through discovery. This Court does not have to accept as true any legal conclusions the Plaintiff sets forth in her Complaint. Iqbal, 129 S. Ct. at 1950. Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

The allegations that Plaintiff sets forth in her Complaint are those that she believes will occur in the future. Plaintiff states that she is "in the process of receiving official documentation" which will prove that CWALT is not incorporated in Delaware. (Compl. at 3.) She states that "there is a strong possibility" that neither Defendants nor any company for whom they were acting was the legal holder of the Note at the time of foreclosure. (Id. at 6.)

7

Further, Plaintiff makes numerous legal conclusions, such as: Defendants were not injured parties and have not "suffered actual loss and damage," and therefore, foreclosure is improper (Id. at 12); "the contract has been breached by the Defendant[s]" (Id. at 19); and "they have fraudulently induced this falsely represented instrument from me." (Id. at 22.)

After careful review of Plaintiff's Complaint, this Court finds that the Complaint fails to satisfy the requirements of in Federal Rule of Civil Procedure 8.  Giving consideration to Plaintiff's *pro se* status, the Court has considered affording Plaintiff an opportunity to amend her complaint.  However, after reviewing the Complaint, the Court concludes that an amendment would be futile because, giving Plaintiff the benefit of construing all of the allegations in her favor, the Complaint would still be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.  Accordingly, Defendants' Motion to Dismiss [4] is hereby **GRANTED.**

**IV.     Motion to Strike or, in the Alternative, to Amend**

The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).

8

The Plaintiff requests the Court to strike the Defendants' Motion to Dismiss [4] because the caption of the Motion included Plaintiff's name in all capital letters, which Plaintiff alleges is improper. (Dkt. No. [7] at 2-3.) Plaintiff argues that "[a]n all-capital letters written version of one's name is not one's name, but strictly an artificial construct, existing by color of law only. (Dkt. No. [9] at 2.) The Plaintiff cites to numerous style manuals and grammar textbooks in support of her argument; however, she does not cite to any legal precedent. (See Dkt. No [9].) The Plaintiff further accuses "[t]he [United States] and State Governments [of] deliberately using a legal fiction to 'address' the lawful, real, flesh-and-blood man or woman or their own selves . . . [because] they are deliberately not following their own recognized authorities." (Id. at 13.) The Defendants failed to respond to Plaintiff's arguments. (See Dkt. No. [13].)

The Court finds Plaintiff's argument without merit. Not only is it common practice for attorneys in this District, and even this Court, to capitalize the names of all parties in the caption of a filing, this Court does not find that an alleged typography error warrants Plaintiff's requested action. Defendants' Motion should not be stricken on grounds that the use of capital letters allegedly

9

changed Plaintiff's status or suggested that she was a corporation rather than an individual. See Jaeger v. Dubuque Co., 880 F. Supp 640 (N.D. Iowa, 1995); see also U.S. v. Sweet, 2001 WL 1346666 at *3 (M.D. Fla. 2001) (use of all capital letters in a complaint to identify a party is simply a common stylistic technique that is unrelated to a person's identity); Gipson v. Callahan, 157 F.3d 903 (5th Cir. 1998) (the motion to strike brief and pleadings because the names of parties were spelled in capital letters was denied as being frivolous). Nor is there any reason to require any amendment to Defendants' filings. Accordingly, Plaintiff's Motion to Strike, or in the alternative, Motion to Amend Defendants' Filings [7] is **DENIED**.

## CONCLUSION

Based on the foregoing reasons, Defendants' Motion to Dismiss [4] is hereby **GRANTED**; Plaintiff's Motion for Extension of Time to File Response [5] is **GRANTED nunc pro tunc**; Plaintiff's Motion to Strike, or, in the alternative, Motion to Amend Defendants' Filings [7] is **DENIED**; and Plaintiff's Motion for Hearing is **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED** this  12th  day of July, 2010.

_____
**RICHARD W. STORY**
United States District Judge